IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| UNITED STATES OF AMERICA | ) | CR No.: 3:09-500-JFA |
|---|---|---|
| v. | ) | ORDER |
| OTILLIO DELGADO | ) | |

The defendant has filed a motion for free copies of the transcripts of his sentencing, his plea agreement, docket sheet, and judgment. The defendant contends that he needs these transcripts to prepare a petition under 28 U.S.C. § 2241.

In the event the defendant files a § 2241 motion, he may then request copies of specific documents or transcripts. The court further notes that defendant is not precluded from filing a § 2241 motion merely because he does not have transcripts from his case. Indeed, § 2241 motions are frequently filed without the benefit of transcripts. If the defendant is interested in receiving specific transcripts or documents at his own expense prior to filing his § 2241 motion, he may contact the Clerk to request them. The Clerk will then advise the defendant of the cost of the copies which must be paid up-front and in full to the Clerk. If the defendant seeks a copy of his presentence report, he must write the United States Probation Office and request a copy from that office. If the defendant seeks a copy of the transcripts of his criminal proceedings, he must contact the court reporter directly and arrange for copies through the court reporter.

After the defendant files his § 2241 action indicating the issues raised, he may file a motion for free transcripts pursuant to 28 U.S.C. § 753(f) for consideration by the court. He

1

is entitled to free copies of transcripts and documents in conjunction with a § 2241 action only if the court finds that his § 2241 claims are not frivolous and the documents are needed to decide the issues presented. *See* 28 U.S.C.A. § 753(f) (West 2008); *United States v. Shoaf*, 341 F.2d 832, 833–34 (4th Cir.1964) (indigent defendant must show some need for transcript beyond his mere desire to comb the record in hope of discovering errors to raise in habeas).

Accordingly, defendant's motion for free copies (ECF No. 805) is denied.

In addition, Mr. Delgado is specifically advised that proceedings under § 2241 require exhaustion of administrative remedies. *United States v. Wilson,* 503 U.S. 329, 334-37 (1992); *Brown v. Smith*, 828 F.2d 1493 (10th Cir. 1987). In other words, Mr. Delgado must have first presented his grievance to the Federal Bureau of Prison (BOP) authorities and obtain a final decision thereon before the court can consider a § 2241 petition.

The BOP has established an Administrative Remedy Program "to allow an inmate to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). The first step is to utilize an "Informal Resolution Form" whereby the inmate and staff member engage in an informal resolution process. 28 C.F.R. § 542.13(a). If the informal resolution is unsuccessful, the inmate can then file a formal "Request for Administrative Remedy" form (BP-9) with the Warden of the institution. 28 C.F.R. § 542.14(a). If the Warden's response is unsatisfactory, the inmate may appeal to the appropriate Regional Director utilizing form BP-10. If this step does not result in resolution, the inmate may appeal the decision of the Regional Director to BOP's General Counsel using a BP-11 form. 28 C.F.R. § 541.15(a). The regulations require stringent adherence to

deadlines and use of prescribed forms.

Accordingly, in completing any § 2241 petition, Mr. Delgado must give full information regarding how and when he has exhausted this claim administratively. If he does not do so, the court may dismiss the action for failure to properly demonstrate that he has exhausted remedies.

Mr. Delgado is also advised that any future filings he makes with the court must be filed with the Clerk of Court and copies of his filings must also be served on the United States Attorney as set forth in the Federal Rules of Civil and Criminal Procedure.

IT IS SO ORDERED.

Joseph F. Anderson, Jr.
United States District Judge

January 5, 2012
Columbia, South Carolina